UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 OCT 28 AM 10: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

WENDY L. HERRING,                    )
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )   Civil Action No. CV-03-S-569-S
                                     )
NOLAND COMPANY,                      )
                                     )
    Defendant.                       )

ENTERED
OCT 28 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment. Plaintiff, Wendy L. Herring, asserts a claim of gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and state law claims of intentional infliction of emotional distress and invasion of privacy, all of which allegedly resulted from defendant's termination of her employment. Although not specifically asserted in her complaint, plaintiff contends that she suffered discrimination because of her pregnancy, in violation of § 701(k) of Title VII, 42 U.S.C. § 2000e(k). Plaintiff commenced this action in the Circuit Court of Jefferson County, Alabama, on February 5, 2003, but defendant timely removed it on March 13, 2003.

In response to defendant's motion for summary judgment, plaintiff addressed



only the Title VII claim based upon pregnancy discrimination.[1]  Issues and contentions not raised in a party's brief are deemed abandoned. *See, e.g., Chapman v. AI Transport* 229 F.3d 1012, 1027 (11th Cir. 2000) (*en banc*) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that a district court can "properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment") (citing *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned)).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden on the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. . . .

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (some

---

[1] *See* doc. no. 46. Plaintiff also argued in response to the motion for summary judgment that she had been discriminated against due to a vision impairment. The complaint contains no such allegation, however.

citations omitted). Accordingly, plaintiff has abandoned the claims contained in Counts Three, Four, and Five of her complaint, and they are due to be dismissed.

As for plaintiff's Title VII claim, the court has carefully reviewed the parties' briefs and defendant's evidentiary submission, and concludes that there is no genuine issue of material fact. Defendant's memorandum of law in support of the motion for summary judgment and reply brief will be adopted as the opinion of the court,[2] with the exceptions noted below.

As correctly noted by defendant, in order to establish a *prima facie* case of pregnancy or gender discrimination under Title VII, plaintiff must show that: (1) she was a member of a class of persons protected by the statute; (2) she was qualified for the position from which she was discharged;[3] (3) she nevertheless was terminated;

---

[2]Doc. nos. 43 (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, filed April 19, 2004) & 50 (Defendant Noland Company's Reply Brief in Support of its Motion for Summary Judgment, filed May 13, 2004).

[3]The factual dispute between plaintiff and defendant as to whether plaintiff was discharged, or "laid off" due to a reduction-in-force, is immaterial for purposes of analysis, because the analytical framework is not materially different in either event. For example, when a discharge occurs as part of a reduction-in-force ("RIF"), a plaintiff may establish a *prima facie* case of disparate treatment on the basis of some protected characteristic by showing: (1) she is a member of a protected class; (2) she was terminated, or "laid off"; (3) she was qualified for her current (or another) position at the time of the adverse employment action; and (4) producing evidence from which a fact finder reasonably could conclude that the employer intended to discriminate against the plaintiff on the basis of her protected trait when failing to retain her, or consider her for continued employment in another position. *See, e.g., Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998) (national origin and race-based RIF discrimination claims); *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207-08 (11th Cir. 1997) (age-based RIF claim); *Coutu v. Martin County Board of County Commissioners*, 47 F.3d 1068, 1073 (11th Cir. 1995) (national origin RIF claim); *Wilson v. AAA Plumbing Pottery Corp.*, 34 F.3d 1024, 1027-28 (11th Cir. 1994) (race-based RIF claim); *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir. 1987) (age-based RIF claim); *Williams v. General*

3

and (4) following her discharge, the defendant either replaced plaintiff with someone outside the protected class, or retained other employees who were not within the protected class, and, who possessed comparable or lesser qualifications. *See, e.g., Jones v. Bessemer Carraway Medical Center*, 137 F.3d 1306, 1311 n.6 (11th Cir. 1998); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984); *Whiting v. Jackson State University*, 616 F.2d 116, 121 (5th Cir. 1980).[4]

Shifting the frame of reference slightly, the Eleventh Circuit has held that a plaintiff seeking to "make out a prima facie case of *disparate treatment discrimination*" in the termination of employment "must generally show that (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) the employer treated similarly situated employees outside of the protected class more favorably; and (4) plaintiff was qualified to do the job." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002) (emphasis supplied) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)); *see also, e.g., Holifield v. Reno*, 115 F.3d 1555, 1562

---

*Motors Corp.*, 656 F.2d 120, 129-30 (5th Cir. 1981) (age-based RIF claim), *cert. denied*, 455 U.S. 943, 102 S. Ct. 1439, 71 L. Ed. 2d 655 (1982).

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(11th Cir. 1997).

In termination cases — as contrasted to cases involving an employer's failure to hire or promote — the question of whether a plaintiff was qualified to perform the duties of his or her job is not often an issue. *See Crapp*, 242 F.3d at 1020. The Eleventh Circuit has recognized that, "in cases where a plaintiff has held a position for a significant period of time, qualification for that position sufficient to satisfy the test of a *prima facie* case can be inferred." *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1495 n.2 (11th Cir. 1987); *see also Pace v. Souther Railway Sys.*, 701 F.2d 1383, 1386 n.7 (11th Cir. 1983) ("[W]here a plaintiff has held a position for a significant period of time, qualification for that position, sufficient to satisfy the test of [a] prima facie case, can be inferred."). Accordingly, assertions that a plaintiffs was not "qualified" usually go more to the credibility of the employer's stated reasons for the termination. *See Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) ("[A]llegations of poor performance against plaintiffs discharged from long-held positions may be properly considered . . . when a court evaluates the pretextual nature of an employer's proffered nondiscriminatory reasons for termination.").

Here, defendant argues that plaintiff has not established that she was qualified for the position of showroom consultant, because she failed to meet defendant's sales

5

goals. As such, defendant essentially argues that, due to her poor performance, plaintiff was not qualified for the position she held. As stated above, however, this argument is more appropriately addressed at the third stage of analysis, when determining whether defendant's proffered, legitimate, non-discriminatory reason for terminating plaintiff's employment is a pretext for unlawful gender discrimination. Because plaintiff held the position of showroom consultant from August of 1999 until her employment ended on May 31, 2002, the court concludes that she has established this element of the *prima facie* case. Accordingly, the court does not adopt section II.B.1 of defendant's memorandum of law in support of its motion for summary judgment as part of the opinion of the court.

Also, because plaintiff has abandoned all of her other claims as discussed above, the court need not adopt sections III, IV, and V of defendant's memorandum of law.

Finally, the court does not adopt section II.E of defendant's memorandum of law, relating to mitigation of damages.

For all of the foregoing reasons, the court concludes that defendant's motion for summary judgment is due to be granted. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of October, 2004.

_____
United States District Judge